IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEBORAH D. WALLING, ) | CIVIL ACTION 4:10-1091-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

**I.  PROCEDURAL HISTORY**

Deborah D. Walling ("Plaintiff" or "claimant") filed an application for DIB on May 16, 2007, alleging inability to work since June 27, 2003, fibromyalgia, sleep apnea, and degenerative changes of the spine. Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on June 12, 2009, before an Administrative Law Judge ("ALJ") at which the Plaintiff appeared and testified. The ALJ issued

an unfavorable decision on July 23, 2009, finding Plaintiff was capable of performing her past relevant work as a Director of Patient Account Services. The Appeals Council denied Plaintiff's request for review (Tr. 1-4), thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on April 30, 2010.

## II. FACTUAL BACKGROUND

The Plaintiff was 57 years old at the time of the hearing before the ALJ. She has a high school education (Tr. 21) and past work experience as a director of patient account services. (Tr. 23).

## III. DISABILITY BACKGROUND

The Plaintiff's arguments consist of the following, quoted verbatim:

    (1)    The ALJ failed to properly consider the combined effect of Mrs. Walling's multiple impairments.

    (2)    The ALJ improperly evaluated opinion evidence.

    (3)    The ALJ improperly applied the Medical-Vocational Guidelines to support a conclusion of not disabled.

(Plaintiff's brief).

In the decision of July 23, 2009, the ALJ found the following:

    1.    The claimant last met the insured status requirements of the Social Security Act on December 31, 2008.

    2.    The claimant did not engage in substantial gainful activity during the period from her alleged onset date of June 27, 2003, through the date last insured of December 31, 2008 (20 CFR 404.1571 *et. seq.*).

    3.     Through the date last insured, the claimant had the following severe impairments: degenerative disc disease and fibromyalgia (20 CFR 404.1520(c)).

    4.     Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

    5.     After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of sedentary work, which is defined as the ability to left/carry 10 pounds, stand 2 hours in an 8 hour workday, walk 2 hours in an 8 hour workday and sit 6 hours in an 8 hour workday as defined in 20 CFR 404.1567(a) and 416.967(a), except the claimant is limited to work involving no climbing or crawling, and only occasional crouching and stooping.

    6.     Through the date last insured, the claimant was capable of performing past relevant work as a Director of Patient Account Services. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity  (20 CFR 404.1565).

    7.     The claimant was not under a disability, as defined in the Social Security Act, at any time from June 27, 2003, the alleged onset date, through December 31, 2008, the date last insured (20 CFR 404.1520(f)).

(Tr. 11-17).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to:  (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law.  Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d

802 (4th Cir. 1978).  "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 390.  Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict.  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).   The Court's scope of review is specific and narrow.  It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence.  42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established.  Five questions are to be asked sequentially during the course of a disability determination.  20 C.F.R. §§ 404.1520, 1520a (1988).  An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). <u>Hall v. Harris</u>, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a <u>prima facie</u> showing of disability by showing she was unable to return to her past relevant work. <u>Grant v. Schweiker</u>, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. <u>Id</u>. at 191.

## IV. ARGUMENTS AND ANALYSIS

**Combination of impairments**

Plaintiff argues the ALJ considered Plaintiff's impairments separately but not the total impact thereby failing to evaluate the combined effect of her impairments. Plaintiff contends the ALJ failed to consider the effect her combined physical and mental limitations had upon her ability

to perform substantial, gainful work activity on a regular and sustained basis which constitutes reversible error.

Defendant argues that the ALJ considered Plaintiff's impairments in combination in finding her not disabled. Defendant contends that the ALJ's separate discussion of a claimant' impairments and the other evidence of record was sufficient to show that the ALJ considered Plaintiff's impairments in combination. Specifically, Defendant argues as follows:

> . . . the ALJ adequately considered the combined effect of the impairments throughout his decision by discussing all of Plaintiff's alleged impairments; finding both severe and non impairments "severe" at step two (Tr. 10, 11); referring specifically to Plaintiff's "combination of impairments" at step three (tr. 13); stating that he gave "careful consideration [to] the entire record" (tr. 13 and "all of the evidence" (tr. 9, 14); discussing his consideration of "all symptoms" (tr. 13), acknowledging the requirement that he consider the effects of "all" of Plaintiff's impairments, including those that were not "severe" (tr. 10); discussing the overall functional effects of Plaintiff's impairments (e.g., on her ability to perform daily activities (Tr. 15); and including specific exertional and postural functional restrictions in the residual functional capacity assessment (Tr. 13).

(Defendant's brief, p. 15). Further, Defendant asserts that even if the ALJ only considered Plaintiff's impairments separately, "at least four other Circuits have held that a separate discussion of claimant's impairments can be sufficient to show that an ALJ sufficiently considered Plaintiff's impairments in combination, and that holding otherwise would exalt form over substance." (Id.). In support of his argument, Defendant cites authority from several circuit courts.

As set out above, the ALJ found in his decision that Plaintiff had the following severe impairments: degenerative disc disease and fibromyalgia, but that she did not have an impairment or a combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart.

P, Regulation No. 4.  (Tr.55-56). He also found that the record documents that the claimant suffers with obesity, high blood pressure, arthritis, scoliosis, blood clotting disorder, heart murmur, heart blockage, trochantevic bursitis, GERD, and mental impairments of depression and anxiety but did not find these impairments to be severe as "they are either not supported by objective signs, symptoms, or laboratory findings, or no more than minimally affect her ability to perform work-related activity . . . [or] cause more than minimal limitations in the claimant's ability to perform basic mental work activities"  (Tr. 12).

In reviewing the ALJ's decision, the ALJ did not discuss each of Plaintiff's impairments in combination in determining that they did equal or meet a listing. The ALJ discussed Plaintiff's impairments of her spine pursuant to Listing 1.04 and her fibromylagia. However, the ALJ did not discuss how he considered them in combination or in combination with her other severe and non-severe impairments. (Tr. 13).

The role of the federal judiciary in reviewing decisions made under the Social Security Act is limited. See 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock, 483 F.2d at 775. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . " Green v. Chater, 1995 U.S.App. LEXIS 21970, *7, 1995 WL 478032 (4th Cir.1995) (citing Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir.1986)). When dealing with a claimant with more than one impairment, the Commissioner "must consider the combined effect of a claimant's impairments and not fragmentize them." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989) (citations omitted). It is well settled that where a Social Security claimant for disability benefits has multiple impairments the Commissioner "shall consider the combined

effect of the individual impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B). See also, 20 C.F.R. § 404.1523. This requires the ALJ to both consider the cumulative effect of the claimant's individual impairments and to "adequately explain his or her evaluation of the combined effect of impairments." Walker v. Bowen, 889 F.2d at 50. See also, Alonzeau v. Astrue, 2008 WL 313786 at 3 (D.S.C.) (failure of the ALJ "to adequately explain his evaluation of the combined effects of Plaintiff's impairments" requires remand); Lemacks v. Astrue, 2008 WL 2510087 at 4 (D.S.C.2008) (remand necessary where ALJ failed to address the "compounding effects" of claimant's multiple impairments); Saxon v. Astrue, 662 F.Supp.2d 471, 479 (D.S.C.2009) ( Judge Blatt stated "judges in the District of South Carolina have reiterated the importance of the ALJ providing an adequate explanation of the evaluation of the combined effect of the impairments"); Washington v. Astrue, 659 F.Supp. 2d 738 (D.S.C. 2009) (finding remand was warranted where an ALJ failed to make sufficient findings concerning the combined effects of plaintiff's impairments, notwithstanding the magistrate judge's decision concluding the plaintiff failed to demonstrate which Listing she believed she met). Therefore, the ALJ is required to "adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50 (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir.1985)).[1]

---

[1] Some circuit courts have under some circumstances held that a discussion of impairments separately can be sufficient to satisfy the "in combination " analysis. See, Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); Gooch v. Secretary of Health & Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, some circuit courts require the plaintiff to make a showing that the combined effects could meet or equal a listing to be entitled to remand. See Johnson v. Barnhart 390 F.3d 1067, 1070 (8th Cir. 2004)(*citing* Sullivan v. Zebley, 493 U.S. 521, 531, (1990)) ("For a claimant to qualify for benefits by showing that his unlisted impairment , or combination of impairments, is 'equivalent' to a listed impairments, he must present medical findings equal in severity to all the

In Walker, the Fourth Circuit remanded plaintiff's claim because the ALJ failed to adequately consider and explain his evaluation of the combined effects of the claimant's impairments. See Walker, 889 F.2d at 49-50. The ALJ found that the claimant suffered from several ailments and noted the effect or non-effect of each impairment separately. See Id. The ALJ found that "the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4 . Walker, 889 F.2d at 49. The Fourth Circuit held that the ALJ failed to adequately consider and explain his findings because he did not analyze or explain his  evaluation of the cumulative effect of the claimant's impairments. See Id. at 49-50. Similarly, the ALJ in this action failed to consider or adequately explain his evaluation of the combined effects of Plaintiff's impairments, particularly with respect to his determination of whether the Plaintiff's impairments or combination of impairments met a listing.

As in Walker, the ALJ in this action found that Plaintiff suffers from several severe impairments, including anxiety, depression, bipolar disorder, fibromyalgia, arthritis in the shoulder, peripheral neuropathy, degenerative disc disease, myalgia, and carpal tunnel syndrome. (Tr. 55). The ALJ also found Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 56). Even if one could infer that the ALJ considered the cumulative effect of all of Plaintiff's impairments from the ALJ's listing of various medical observations in his analysis of the Plaintiff's RFC, the ALJ failed to adequately explain his evaluation of any cumulative effects thereby violating

---

criteria for the one most similar listed impairment."). However, the undersigned is constrained to comply with the law of this circuit that the ALJ must provide an adequate explanation of the evaluation of the combined effects of the impairments pursuant to Walker v. Bowen,  889 F.2d at 50.

20 C.F.R. §404.1523. As such, Plaintiff's claim is remanded to the ALJ so that he can examine the combined effect of all of Plaintiff's severe and non-severe impairments. In his decision, the ALJ should explain his evaluation of the combined effect of Plaintiff's multiple impairments in accordance with Fourth Circuit law. Additionally, upon remand, the ALJ should evaluate the combined effect of Plaintiff's impairments with respect to functional limitations.

Because this case is remanded for a proper analysis of Plaintiff's combination of impairments and how they would effect her residual functional capacity, if at all, the additional argument of the Plaintiff regarding the Medical-Vocational Guidelines will not be addressed at this time. Upon remand, after consideration and proper analysis of the combination of impairments, if necessary, the ALJ should re-evaluate Plaintiff's RFC and re-apply the GRIDS and/or receive vocational expert testimony.

**Treating physician's opinion**

Plaintiff argues that the ALJ improperly evaluated the opinion evidence from her medical providers. Specifically, Plaintiff asserts the ALJ relied heavily on the findings of the state medical consultants who performed an RFC analysis, erroneously referring to them as examining physicians. Plaintiff further argues that the ALJ provided no rationale for rejecting contrary medical evidence adduced by Plaintiff's own physicians. For instance, Plaintiff contends that despite an interpretive note by a doctor at Rheumatology Associates, the ALJ concluded that "no formal tender point test was ever done." (Plaintiff's brief, p. 9). Thus, Plaintiff requests that this matter be remanded. Plaintiff also argues that the ALJ failed to explain his rationale for discarding Dr. Legerton's opinion.

Defendant concedes that the ALJ referred to the two state agency physicians who reviewed the medical evidence, Drs. Lang and Liao, as "examining" physicians when they did not examine Plaintiff. (Defendant's brief, p. 18). However, Defendant asserts that this was harmless error since the opinion of a non-examining physician can constitute substantial evidence to support the ALJ's decision. Defendant asserts that the evidence prior to and during 2007 confirms that Plaintiff's symptoms were relieved by injections and medications. (Defendant's brief, p. 19). Additionally, Defendant asserts that Plaintiff's argument with regard to Dr. Legerton's opinion (tr. 588) is without merit as it was issued and submitted to the Appeals Council after the ALJ's July 2009 decision.

Plaintiff concedes that the ALJ could not have reviewed Dr. Legerton's 2009 letter as it was submitted to the Appeals Council after the ALJ decision was entered but asserts that it was properly included in the administrative record before the Commissioner's final administrative decision was rendered.

The 2009 letter of Dr. Legerton was submitted to the Appeals Counsel. The Appeal's Council stated that they considered the additional evidence but did not find that the information provided a basis for changing the ALJ's decision. Therefore, Dr. Legerton's letter was made a part of the administrative record. The letter reads as follows:

> Ms. Walling has been a patient of mine since 2005, and carries a diagnosis of fibromyalgia. She meets the criteria for this syndrome. Her manifestations include long-standing diffuse pain, non restorative sleep disorder, chronic fatigue, underlying depression and anxiety, irritable bowel syndrome, and headaches. In contradistinction to the Social Security Disability judgment, she does indeed have all 18 of the trigger points positive. As documentation, I refer you to my note of December 14, 2005, the initial visit that I had with Ms. Walling. Under physical exam, you will see that tender points were all tender. This would mean that 18 of 18 trigger points were tender. Throughout my notes, there are multiple documented cases where she

>had diffusely tender trigger points, and this has been present over the past four years on a consistent basis.
>
>I hope this helps clarify the confirmed diagnosis of fibromyalgia that meets the clinical criteria as set forth by the American College of Rheumatology. I would be more than happy to provide any further information you might require.

(Tr. 584).

As this report was made a part of the administrative record, and this case is being remanded for a proper analysis of the combination of impairments pursuant to Walker, supra, the ALJ should evaluate this letter from Dr. Legerton and explain what weight he accords to it. Additionally, the ALJ should reevaluate the opinions of Drs. Liao and Lang taking into consideration that they were not examining physicians. The ALJ should provide his rational for accepting or rejecting the medical evidence from Plaintiff's physicians pursuant to case law and SSR 96-2p.[2]

---

[2] The opinion of a physician will be given controlling weight if it is supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d) (1997); Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996) (holding that although not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it.); Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983) (holding a treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.").

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). Specifically, pursuant to 20 C.F.R. § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying the following five factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 30 C.F.R. 404.1527(d)(2) (i-ii) and (d)(3)-(5).

Furthermore, Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188.

## V.  CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, speculate on a barren record devoid of the appropriate administrative analysis.  Accordingly,

For the reasons set forth above, IT IS ORDERED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 12, 2011
Florence, South Carolina