IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DEBORAH D. WALLING, | ) | CIVIL ACTION NO: 4:10-1091-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d). Plaintiff requests $3,529.87 in attorney's fees on the grounds that she is a prevailing party entitled to attorney's fees by the EAJA.[1] Defendant contests the awarding of such fees, asserting the government's position was substantially justified. However, Defendant did not object to the calculation of the fee. Plaintiff filed a reply to the Defendant's response.

Plaintiff filed an application for DIB on May 16, 2007, alleging inability to work since June 27, 2003. Her applications were denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on June 12, 2009, before an Administrative Law Judge ("ALJ") at which the Plaintiff appeared and testified. The ALJ issued an unfavorable decision on July 23, 2009. After the Appeals Council denied Plaintiff's request for review, Plaintiff

---

[1] Plaintiff's attorney seeks an award of $3,529.87 in EAJA fees at $163.42 an hour for a total of 21.60 hours of work in federal court. (Doc. #32).

sought judicial review in this court by the filing of a complaint on April 30, 2010. Plaintiff was ultimately successful in this court, obtaining a judgment filed August 12, 2011, that reversed and remanded the case to the Commissioner for a new hearing pursuant to sentence four of 42 U.S.C. §405(g).

Under the EAJA, a court shall award reasonable attorneys' fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir.1991). "The government's position must be substantially justified in both fact and law." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir.1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (internal quotations omitted). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 138–39 (4th Cir.1993); May v. Sullivan, 936 F.2d 176, 177 (4th Cir.1991).

Applying this standard to the facts of this case, the court has concluded that the position of the Commissioner was not substantially justified. Therefore, after a thorough review of the record in this case, the court determines that a proper showing has been made under EAJA and that the fees and costs sought should be approved by this court.

Based on the foregoing and after considering the briefs and materials submitted by the parties, Plaintiff's motion is granted, and it is therefore ordered that Plaintiff is awarded $3,529.87 in attorney's fees as requested by Plaintiff's counsel.[2]

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United Stated Magistrate Judge

March 05, 2012
Florence, South Carolina

---

[2] The fees must be paid to Plaintiff. See Astrue v. Ratliff, 505 U.S. ——, No. 08–1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same).